**The PEOPLE of the State of Colorado, Complainant,**

v.

**Samuel Osborn KUNTZ, Jr., Attorney–Respondent.**

### No. 97SA164

Supreme Court of Colorado, En Banc.

Aug. 4, 1997.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Samuel Osborn Kuntz, Jr., Colorado Springs, Pro Se.

PER CURIAM.

In this lawyer discipline case, the respondent defaulted before the hearing board. A hearing panel of the supreme court grievance committee approved the findings and recommendation of the hearing board that the respondent be disbarred and pay restitution as a condition for readmission. We accept the panel's recommendation and order that the respondent be disbarred.

## I.

The respondent was admitted to practice law in Colorado in 1976. On January 8, 1996, we ordered that he be suspended from the practice of law for six months with the requirement that he must petition for reinstatement. *See People v. Kuntz*, 908 P.2d 1110, 1113 (Colo.1996). He has not been reinstated to date. Three formal complaints involving the respondent were consolidated into this one proceeding. Orders of default were entered against him because he did not answer any of the complaints, and the allegations of fact in the complaints were deemed admitted. *See* C.R.C.P. 241.13(b); *People v. Barr*, 855 P.2d 1386, 1386 (Colo.1993). Because he failed to respond to the requests for investigations filed in the matters below, the respondent violated C.R.C.P. 241.6(7). In addition, he did not inform any of the clients involved in this proceeding of his suspension, in violation of C.R.C.P. 241.21(b). Based on the respondent's default and the evidence presented by the complainant, the board made the following findings.

## II. No. GC 96C–59

Tom Wilebski hired the respondent on or about October 7, 1994, in connection with a Chapter 7 bankruptcy matter. The respondent charged Wilebski $160 for a filing fee and $350 in attorney fees. Wilebski paid $445 of this amount. The respondent took no further action on the bankruptcy matter, and in July 1995, the respondent and his client agreed that $140 of the amount Wilebski had paid would be used as a flat fee for the preparation of Wilebski's will. The respondent neither prepared the will nor responded to his client's inquiries about the will. Moreover, he did not refund any of Wilebski's payment and the fee charged became unreasonable since it was unearned. The respondent's conduct violated Colo. RPC 1.3 (neglecting a legal matter); Colo. RPC 1.4(a) (failing to communicate with a client); Colo. RPC 1.5(a) (charging and collecting an unreasonable fee); Colo. RPC 1.16(d) (failing to surrender client property upon termination of representation); Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); and Colo. RPC 8.4(h) (engaging in conduct that adversely reflects on fitness to practice).

## III. No. GC 96C–96

### A.

On June 30, 1995, Joan M. Porrka retained the respondent to file a Chapter 7 bankruptcy and she paid him a flat fee of $500. She filled out the paperwork the respondent gave her and returned it in July 1995. She heard nothing further from the respondent until January 10, 1996, when she called him after seeing a newspaper article reporting his suspension. He promised to file her petition by January 15, but did not. She hired another lawyer who subsequently completed the bankruptcy.

The respondent's conduct violated Colo. RPC 1.3 (neglecting a legal matter); Colo. RPC 1.4(a) (failing to communicate with a client); Colo. RPC 1.5(a) (charging and collecting an unreasonable fee); and Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation).

### B.

Also on June 30, 1995, the respondent accepted a $500 flat fee from Lisa M. Severino, Porrka's daughter, to file a Chapter 7 bankruptcy on her behalf. He did not file the petition, failed to keep her updated on the status of the matter by not returning Porrka's telephone calls, and charged an unreasonable fee because he did not file the bankruptcy petition. Moreover, by performing no legal services on her behalf, he knowingly misappropriated Severino's $500. He thereby violated Colo. RPC 1.3, 1.4(a), 1.5(a), and 8.4(c).

### C.

On August 4, 1995, Bonnie Jean Horning hired the respondent to file a petition for dissolution of her marriage. She paid him a $600 advance fee and $119 for filing fees. The respondent filed the petition and sent a copy of the pleadings and standard court orders to her husband. Horning called the respondent on November 8, 1995, and told him that she and her husband had reconciled, that she wished to end the dissolution pro-

ceedings, and wanted him to provide her with an accounting and a refund, if applicable, by December 15th. He agreed to do so, but did not. When she called him on December 18th, he told her that he had to wait to receive funds from his other clients before he could return hers.

When he did not return the funds, she filed a claim with the Fidelity Fund Committee of the El Paso County Bar Association, which approved her claim and paid her $450. Horning considers this a full refund. The respondent's conduct in the Horning matter once again violated Colo. RPC 1.3, 1.4(a), 1.5(a), and 8.4(c).

### D.

Charles and Allison Howington retained the respondent on August 23, 1995 to file a Chapter 7 bankruptcy, and paid him $190. As above, he never filed the petition, did not keep them advised of the status of their legal matter, and misappropriated their money by performing no services on their behalf; thereby violating Colo. RPC 1.3, 1.4(a), 1.5(a), and 8.4(c).

### E.

On October 19, 1995, Lillian R. Nilsson paid the respondent a $1,200 flat fee, plus $80 for costs, to handle her mother's estate. She brought him her mother's will and death certificate. Hearing nothing from the respondent, and unaware of the order of suspension, Nilsson called him in mid-January 1996 and he told her that he was moving his office "across the hall," and would call her back later that day. He never called back, but he kept her fee and the original of her mother's will. His conduct violated Colo. RPC 1.3, 1.4(a), 1.5(a), and 8.4(c).

### IV. No. GC 96C–125

### A.

Susan Grange retained the respondent on January 24, 1996, to form a limited liability company for her dog grooming business. She paid him $510. The respondent failed to inform her that he had been suspended from the practice of law by order dated January 8, 1996, effective thirty days thereafter. She never heard from him again. The respondent abandoned her as a client after receiving her money, in violation of Colo. RPC 1.3, 1.4(a), 1.5(a), 1.16(d), and 8.4(c). By accepting a fee following the order of suspension, the respondent also violated C.R.C.P. 241.21(a).

### B.

On or about August 1, 1995, Dennis C. Husk hired the respondent to handle a post-dissolution matter involving the reduction of child support payments. He paid the respondent $500 at that time and $36 sometime later. There was no written fee agreement, and Husk is uncertain of the nature of the arrangement. The respondent filed the motion to reduce child support, but did nothing further. After Husk learned of the respondent's suspension from another lawyer, the respondent promised Husk that he would discuss the case with another attorney, but Husk never heard from the respondent again. The respondent did not withdraw from Husk's representation, contrary to Colo. RPC 1.16(a)(1); and did not return the client's files or fee upon termination of the representation, in violation of Colo. RPC 1.16(d).

### V.

The hearing board recommended that the respondent be disbarred and ordered to pay restitution as a condition of any application for readmission. The respondent's conduct in each of the foregoing client matters was essentially the same. He accepted legal fees from the client, performed at the most very limited services for the client, and then abandoned the client while misappropriating the unearned fees.

The ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*) provides that, in the absence of mitigating factors, disbarment is appropriate when:

(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA *Standards* 4.41. *See, e.g., People v. Townshend,* 933 P.2d 1327, 1329 (Colo.1997) (lawyer disbarred who accepted advance fees from two clients then effectively abandoned them, and failed to account for or return the unearned retainers she collected, thereby converting those funds to her own use); *People v. Steinman,* 930 P.2d 596, 599–600 (Colo. 1997) (lawyer disbarred who accepted fees from clients and then abandoned them while keeping their money and causing serious harm); *People v. Tucker,* 904 P.2d 1321, 1325 (Colo.1995) (lawyer disbarred who abandoned her clients while continuing to collect attorney fees for work that would not be performed).

The hearing board found no factors in mitigation. Accordingly, we accept the board's and panel's recommendations and order that the respondent be disbarred.

## VI.

It is hereby ordered that Samuel Osborn Kuntz, Jr., be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately. It is also ordered that, prior to any application for readmission and as a condition thereof, the respondent make the following restitution to:

(1) Tom Wilebski in the amount of $445 plus statutory interest from October 7, 1994;

(2) Joan M. Porrka in the amount of $500 plus statutory interest from June 30, 1995;

(3) Lisa M. Severino in the amount of $500 plus statutory interest from June 30, 1995;

(4) the Fidelity Fund Committee of the El Paso Bar Association in the amount of $450 plus statutory interest from March 14, 1996;

(5) Charles and Allison Howington in the amount of $190 plus statutory interest from August 23, 1995;

(6) Lillian R. Nilsson in the amount of $1,280 plus statutory interest from October 19, 1995;

(7) Susan Grange in the amount of $510 plus statutory interest from January 24, 1996; and

(8) Dennis C. Husk in the amount of $536 plus statutory interest from August 1, 1995.

It is further ordered that the respondent pay the costs of this proceeding in the amount of $142.26 within thirty days of the date of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.