The PEOPLE of the State of Colorado, Complainant,

v.

Robert J. SCHUBERT, Respondent.

No. 03PDJ060.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Aug. 2, 2004.

Attorney Regulation. Following a sanctions hearing, a Hearing Board disbarred Respondent Robert J. Schubert (Attorney Registration No. 14695) from the practice of law, effective September 2, 2004. The Hearing Board also ordered Respondent to pay restitution and the costs incurred in conjunction with these proceedings. The facts admitted through the entry of default showed Respondent knowingly converted and mishandled client funds, and failed to return unearned portions of client retainers. Respondent's conduct caused serious harm to six separate clients. The admitted facts proved multiple violations of Colo. RPC

§ 24–51–1105, C.R.S.2005.

1.15(a), 3.4(c), and 8.4(c). Respondent failed to participate or present any mitigating evidence in these proceedings. Accordingly, the Hearing Board found no adequate basis to depart from the presumptive sanction of disbarment.

The Presiding Disciplinary Judge WILLIAM R. LUCERO, and Hearing Board Members LARAE ORULLIAN, a bank officer, and DAVID A. ROTH, a member of the Bar, issue the following findings of fact and decision.

### DECISION RE: SANCTIONS PURSUANT TO C.R.C.P. 251.15(b)

*SANCTION IMPOSED:* **ATTORNEY DISBARRED**

### I. PROCEDURAL BACKGROUND

This case concerns the Respondent's conduct in six separate cases involving conversion, mishandling client funds, and effectively abandoning client matters.

A complaint was filed on November 7, 2003. The citation and complaint were served on November 7, 2003 upon Respondent Robert James Schubert ("Respondent/Schubert") by certified mail at his registered business and home addresses, in accordance with C.R.C.P. 251.32(b). The People filed proof of service of the citation and complaint on November 13, 2003.

The Respondent did not answer the complaint. On March 10, 2004 the Presiding Disciplinary Judge entered a default as to each claim pled. The effect of the entry of default is that all factual allegations and rule violations set forth in the Complaint are deemed admitted and proved by clear and convincing evidence. C.R.C.P. 251.15(b); *People v. Richards,* 748 P.2d 341 (Colo.1987). The complaint is attached as Exhibit A. This opinion summarizes the facts and rule violations charged in the complaint. For the details of underlying facts, *see* the attached Complaint.

The Respondent failed to appear at the sanctions hearing, and no evidence regarding mitigation was offered or received by the Hearing Board. Evidence of the Respondent's prior discipline, a three-year suspension, was admitted, as were the reports of investigation prepared pursuant to C.R.C.P. 251.12, regarding the *Prince, Shimatsu, Aguirre* (ARC), *Narans* and *Fernandez* client matters alleged in the Complaint and a statement from one client, Sherri L. Ware, pursuant to C.R.C.P. 251.18(a).

### II. SUMMARY OF FINDINGS AND CONCLUSIONS

Respondent has taken and subscribed the oath of admission, was admitted to the Bar on May 29, 1985, and is registered upon the official records of this Court, registration number 14695. Respondent is, therefore, subject to the jurisdiction of this Court pursuant to C.R.C.P. 251.1(b).

The claims against the Respondent established by the entry of default arise from six client matters involving the following rule violations:

(1) Knowing conversion of client funds based on Respondent's failure to earn fees paid as retainers and using these funds for his own purposes in violation of Colo. RPC 8.4(c) (all six client matters);

(2) Failure to hold property of clients separately by depositing funds belonging to them into a trust account in violation of Colo. RPC 1.15(a) (five client matters); and

(3) Failure to return to clients unearned portions of client retainers in violation of Colo. RPC 3.4(c) (five client matters).

In the *Ware* matter, Sherri L. Ware retained the Respondent to collect past due and unpaid child support from her former husband. Respondent accepted a $450 retainer from Mrs. Ware but did not deposit it into his trust account. After she asked Respondent to cease performing services, he admitted owing Ms Ware $407.50. Respondent, nevertheless, has never responded to any of Ms. Ware's requests for reimbursement.

In the *Prince* matter, William Prince retained the Respondent to file post-decree motions in a dissolution of marriage action. Mr. Prince paid the Respondent a retainer of $1,000, which Respondent failed to deposit into his trust account. Respondent per-

formed a small amount of work on Mr. Prince's behalf, and then ceased communicating with him and thus did not earn most of the advance fee paid by Mr. Prince. Despite Mr. Prince's demand, the Respondent failed to refund any amount to him.

In the *Shimatsu* matter, Leah Shimatsu retained the Respondent to pursue a contempt citation. Ms. Shimatsu paid the Respondent a retainer of $600, which Respondent failed to deposit in his trust account. Respondent did not earn the advanced fee. Despite her demands, Respondent failed to return any of Ms. Shimatsu's retainer.

In the *Aguirre* matter, Donald Martinez paid the Respondent $200 for a filing fee for the Chapter 7 bankruptcy for his aunt, Naomi Aguirre. Respondent did not deposit these funds into his trust account. Respondent filed bankruptcy pleadings on behalf of Ms. Aguirre on November 8, 2002. Subsequently, the bankruptcy was dismissed because the filing fee check tendered by Respondent and payable to the Bankruptcy Court was returned for insufficient funds.

In the *Narans* matter, a husband and wife retained the Respondent to file a Chapter 7 bankruptcy on their behalf, paying a retainer of $800 cash, which included $600 as an advanced legal fee and $200 as an advanced filing fee. The advanced funds were not deposited in the Respondent's trust account. Respondent told Mr. and Mrs. Narans that a member of his staff had stolen the filing fee and he needed an additional $200 to file the bankruptcy. The Narans paid the second filing fee. However, Respondent had knowingly converted the Narans' filing fee to his own use and benefit. Respondent did file a bankruptcy petition for the Narans but it was legally deficient. Later, Respondent abandoned the Narans case. Thus, he neither earned the advanced legal fee the Narans paid, nor did he refund the fee.

In the *Fernandez* matter, Virginia Fernandez paid the Respondent a $1,000 retainer to defend her son, Benny Ruiz, on a charge of a parole violation. As in the other client matters raised in the complaint, the Respondent did not deposit the retainer into his trust account, in violation of Colo. RPC 1.15(a). The Respondent failed to appear at the first hearing scheduled for Ruiz and appeared late at a rescheduled hearing without having any advance contact with the court, the District Attorney, the defendant, or Ms. Fernandez. The court indicated concern about Respondent's preparation and readiness for trial and ordered Respondent to refund $500 to Ms. Fernandez, who tried to collect the refund over many weeks. The court thereafter ordered Respondent to pay the refund to Ms. Fernandez forthwith. Several weeks later, when the Respondent still had not reimbursed Ms. Fernandez, the court issued an order to show cause, from which Respondent was held in contempt. The Respondent ultimately mailed a letter and a check to Ms. Fernandez, which she received on or about March 3, 2003. The check, which was not drawn on the Respondent's trust account, was returned for insufficient funds. Subsequently, the Respondent did pay Ms. Fernandez cash. Ms. Fernandez is the only complaining client in this case who received restitution from Respondent.

### III. SANCTIONS

The American Bar Association *Standards for Imposing Lawyer Sanctions* (1991 and Supp.1992) ("ABA *Standards*" are the guiding authority for determining sanctions for disciplinary violations in Colorado. Pursuant to ABA *Standards* § 3.0, the Court considers the following factors in imposing sanctions:

(a.) Duty violated;

(b) Lawyer's mental state;

(c) Actual or potential injury caused by the lawyer's misconduct; and

(d) Aggravating or mitigating factors.

Pursuant to § 9.22(a)(b)(c)(d)(i) and (j), factors in aggravation in this proceeding include:

- Prior disciplinary offense, § 9.22(a) (Respondent was previously suspended for three-years for conduct that included commingling and using client funds for personal and business expenses); [1]

- Dishonest or selfish motive, § 9.22(b) (Respondent failed to deposit advanced fees into a trust account and converted them to his own use);

---

1. *People v. Schubert*, 799 P.2d 388, 392 (Colo. 1990).

- Pattern of misconduct, § 9.22(c) and multiple offenses, § 9.22(d) (Respondent's misconduct of converting and mishandling client funds involved seven client incidents occurring over a significant span of time between early 2001 and mid–2003);
- Substantial experience in the practice of law § 9.22(i) (Respondent was admitted to the bar in 1985); and,
- With the exception of the Fernandez matter, Respondent was indifferent to making restitution, § 9.22(j).

Under ABA Standard 4.11: "disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." In this case, Respondent converted client property and caused injury to his clients in six separate incidents. Moreover, the Colorado Supreme Court has upheld disbarment where a lawyer is determined to have knowing converted client funds.

In *People v. Kuntz*, 942 P.2d 1206 (Colo. 1997), for example, a lawyer took advanced fees from eight clients, did a small amount of work for each, and then ceased communicating with the clients and converted their funds. In *Kuntz*, the lawyer was disbarred. *See also People v. Townshend*, 933 P.2d 1327 (Colo.1997) (lawyer disbarred who accepted advance fees from two clients then effectively abandoned them, and failed to account for or return the unearned retainers she collected, thereby converting those funds to her own use.)

Similarly, in the instance case, the Respondent was retained by each of the clients and paid advanced to perform specific work. He did not deposit the funds in his trust account. He performed certain small, inconsequential tasks on his clients' behalf but never completed the work. Ultimately, the Respondent effectively abandoned these clients without earning the advanced fees or conferring a benefit to them. Though Respondent did make restitution in the *Fernandez matter;* it was the court's threat of contempt, and not his concern for the client, that motivated him to do so.

Given the nature of Respondent's offenses in converting client funds to his own benefit, the presence of such aggravating factors as

Respondent's prior discipline, the injuries his clients suffered, and his failure to make restitution, except in the *Fernandez* matter, and the lack of mitigating circumstances, the Hearing Board concludes that disbarment is appropriate in this case.

It is there **ORDERED:**

1. Robert James Schubert, attorney registration number 14695, is DISBARRED from the practice of law in the State of Colorado effective thirty-one days from the date of this Order and his name shall be stricken from the list of attorneys licensed to practice law.

2. Robert James Schubert is also ORDERED to pay restitution to the following individuals and in the following amounts, within 90 days of the date of this Order:

| | |
|---|---|
| Shari L. Ware | $ 407.50 |
| William Prince | $1,000.00 |
| Lea Shimatsu | $ 600.00 |
| Donald Martinez | $ 200.00 |
| Annette and Darcy Narans | $1,000.00 |

3. Robert James Schubert is ORDERED to pay the costs of these proceedings. The People shall submit a Statement of Costs within 15 days of the date of this Order. Respondent shall have ten (10) days thereafter to submit a response thereto.

COURT USE ONLY

Case Number: 03PDJ060

Charles E. Mortimer, Jr., # 16122, Assistant Regulation Counsel, John S. Gleason, # 15011, Regulation Counsel, Attorneys for Complainant, 600 17th Street, Suite 200–South, Denver, Colorado 80202.

### COMPLAINT

THIS COMPLAINT is filed pursuant to the authority of C.R.C.P. 251.9 through 251.14, and it is alleged as follows:

#### *Jurisdiction*

1. The respondent has taken and subscribed the oath of admission, was admitted to the bar of this court on May 29, 1985, and is registered upon the official records of this court, registration number 14695. He is ac-

cordingly subject to the jurisdiction of this court. The respondent's registered business address is 200 West Plaza Drive, Suite 200, Highlands Ranch, Colorado 80219 and his registered home address is 34497 Forrest Estates Road, Evergreen, Colorado 80439.

## CLAIM I

### Ware Matter—violation of Colo. RPC 1.15(a) and 8.4(c).

2. All prior averments are incorporated herein.

3. In December of 2001, Sherri Ware retained the respondent as an attorney to collect from her former husband past-due and unpaid child support and reimbursement for a portion of college expenses she incurred for her children. Ms. Ware paid the respondent a retainer of $450 in December of 2001.

4. The respondent did not deposit the retainer paid by Ms. Ware into his trust account, in violation of Colo. RPC 1.15(a). Rather, at the time the retainer was paid the respondent knowingly exercised unauthorized dominion and control over the funds and converted the funds to his own use and benefit.

5. The respondent has concluded his legal services for Ms. Ware. After the conclusion of his legal services for Ms. Ware, the respondent had not earned all of the retainer Ms. Ware had paid to him.

6. Ms. Ware made demand upon the respondent for him to return the unearned portion of the retainer, but the respondent did not respond.

7. The respondent's conduct, described above, constitutes knowing conversion of Ms. Ware's property in violation of Colo. RPC 8.4(c).

WHEREFORE, the complainant seeks relief as set forth more fully below.

## CLAIM II

### Prince Matter—violation of Colo. RPC 1.15(c) and 8.4(c).

8. The complainant incorporates the averments of paragraph 1.

9. In December of 2001, William Prince retained the respondent as an attorney to file motions in Colorado to modify parenting time and the amount of child support he was paying to his former wife. Prince sent the respondent a retainer of $1,000 in December of 2001.

10. The respondent did not deposit Prince's retainer in his trust account, in violation of Colo. RPC 1.15(a). Rather, at the time the retainer was paid the respondent knowingly exercised unauthorized dominion and control over the funds and converted Prince's retainer to his own use and benefit.

11. In July of 2002, the respondent filed a petition on Prince's behalf. The petition was dismissed by the District Court on August 26, 2002, for lack of subject matter jurisdiction.

12. The respondent ceased communicating with Prince shortly after the court dismissed the petition. The respondent did not earn the Prince retainer. Prince made demand upon the respondent for a refund of his retainer. No portion of the retainer paid by Prince to the respondent has ever been refunded to Prince.

13. The respondent's conduct in the Prince matter constitutes knowing conversion of Prince's property in violation of Colo. RPC 8.4(c).

WHEREFORE, the complainant seeks relief as set forth more fully below.

## CLAIM III

### Fernandez Matter—violation of Colo. RPC 1.15(a), 3.4(c) and 8.4(c).

14. The complainant incorporates the averments of paragraph 1.

15. On October 8, 2002, Virginia Fernandez paid the respondent a $1,000 retainer to defend her son, Benny Ruiz, on a charge of a parole violation.

16. The respondent did not deposit the Fernandez retainer into his trust account, in violation of Colo. RPC 1.15(a). At the time the retainer was paid, the respondent knowingly exercised unauthorized dominion and control over the funds and converted them to his own use and benefit.

17. A hearing was scheduled to take place in the Ruiz matter in the Denver District Court on October 18, 2002. The respondent failed to appear for the hearing.

18. The respondent appeared at a re-scheduled hearing on December 11, 2002. The respondent was late for the hearing. The Court entered a Minute Order stating that the respondent appeared late for the hearing and had not had contact with the court, district attorney, the defendant or Ms. Fernandez. The Court indicated that it was concerned that the respondent was not pre-pared and not ready to proceed to trial.

19. At the December 11, 2002 hearing, District Court Judge Rappaport ordered the respondent to refund $500 to Ms. Fernandez. The order required the refund to be paid no later than mid-January 2003.

20. On January 15, 2003, the Court en-tered an order indicating that Ms. Fernandez had not received her refund and ordering the respondent to refund $500 to Ms. Fernandez on a forthwith basis, and in any event no later than February 1, 2003.

21. On February 3, 2003, Ms. Fernandez still had not received her refund. The Court entered another order and contempt citation requiring the respondent to appear on Feb-ruary 17, 2003, and show cause why he should not be held in contempt for his failure to repay Ms. Fernandez. Thereafter, the respondent filed a motion requesting an ex-tension of time. He ultimately mailed a let-ter and a check to Ms. Fernandez, which she received on or about March 3, 2003. The check was returned for insufficient funds. The check was not drawn on the respon-dent's trust account. Subsequently, the re-spondent paid Ms. Fernandez cash.

22. The respondent's knowing and unau-thorized exercise of dominion and control over Ms. Fernandez' property, described above, constitutes knowing conversion of Ms. Fernandez' property in violation of Colo. RPC 8.4(c).

23. The respondent knowingly violated the court's orders of December 11, 2002 and January 15, 2003, in violation of Colo. RPC 3.4(c).

WHEREFORE, the complainant seeks re-lief as set forth more fully below.

### CLAIM IV

### *Shimatsu Matter*—violation of Colo. RPC 1.15(a) and 8.4(c).

24. The complainant incorporates the averments of paragraph 1.

25. On January 10, 2002, Leah Shimatsu retained the respondent to pursue a con-tempt citation against her ex-husband. Ms. Shimatsu paid the respondent a retainer of $600.

26. The respondent did not deposit the retainer in his trust account, in violation of Colo. RPC 1.15(a). At the time the retainer was paid the respondent knowingly exercised unauthorized dominion and control over the funds and converted the advanced fee to his own use and benefit.

27. On February 25, 2002, the respondent filed a motion for issuance of contempt cita-tion with the court. The court issued a citation and mailed it to the respondent on March 26, 2002. A hearing on the citation was scheduled for May 8, 2002. Pursuant to C.R.C.P. 107(c), the citation and a copy of the motion must be served on the person ordered to appear at least 20 days before the time designated for the person to appear. Never-theless, the respondent made no contact with Ms. Shimatsu concerning service on her for-mer husband and made no other efforts to serve Ms. Shimatsu's former husband until May 2, 2002, six days before the scheduled hearing.

28. The contempt citation was never served.

29. On May 10, 2002, Ms. Shimatsu sent the respondent a letter terminating his ser-vices. The respondent did not earn the en-tire Shimatsu retainer. Ms. Shimatsu de-manded a refund of her retainer. No portion of Ms. Shimatsu's retainer was ever returned to her.

30. The respondent's conduct, described above, constitutes knowing conversion of Ms. Shimatsu's property pursuant to Colo. RPC 8.4(c).

WHEREFORE, the complainant seeks relief as set forth more fully below.

### CLAIM V

### *Aguirre Matter—violation of Colo. RPC 1.15(a) and 8.4(c).*

31. The complainant incorporates the averments of paragraph 1.

32. The respondent was retained to file a Chapter 7 bankruptcy for Ms. Naomi Aguirre. Ms. Aguirre's nephew, Donald Martinez, paid the respondent $200 for the filing fee for the bankruptcy. The filing fee was not deposited in the respondent's trust account, in violation of Colo. RPC 1.15(a). Rather, the respondent knowingly exercised unauthorized dominion and control over the funds and converted the funds to his own use and benefit.

33. The respondent filed the bankruptcy on behalf of Ms. Aguirre on November 8, 2002. Subsequently, the bankruptcy was dismissed because the filing fee check, tendered by the respondent and payable to the bankruptcy court, was returned for insufficient funds.

34. The respondent's conduct, described above, constitutes knowing conversion in violation of Colo. RPC 8.4(c).

WHEREFORE, the complainant seeks relief as set forth more fully below.

### CLAIM VI

### *Narans Matter—violation of Colo. RPC 1.15(a) and 8.4(c).*

35. The complainant incorporates the averments of paragraph 1.

36. On December 7, 2002, Annette and Darcy Narans retained the respondent to file a Chapter 7 bankruptcy on their behalf. Annette and Darcy Narans paid the respondent a retainer of $800 cash, which included $600 as an advanced legal fee and $200 as an advanced filing fee.

37. The respondent did not deposit the Narans' retainer in his trust account, in violation of Colo. RPC 1.15(a). The respondent knowingly exercised unauthorized dominion and control over the Narans' funds and converted the funds to his own use and benefit.

38. Before filing the bankruptcy petition for the Narans, the respondent told them that a member of his staff had stolen the filing fee and that he needed them to pay an additional $200. They did. In fact, the respondent had knowingly converted the Narans' filing fee to his own use and benefit without authority to do so.

39. The respondent filed a bankruptcy petition for the Narans that was legally deficient. The respondent then abandoned the Narans and did not complete the legal services he was retained to perform. The respondent did not earn the advanced legal fee paid by the Narans and did not refund the fee.

40. The respondent violated Colo. RPC 8.4(c) by knowingly converting the Narans' funds to his own use and benefit.

WHEREFORE, the people pray that the respondent be found to have engaged in misconduct under C.R.C.P. 251.5 and the Colorado Rules of Professional Conduct as specified above; the respondent be appropriately disciplined for such misconduct; the respondent be required to refund fees to the clients, and/or the client protection fund pursuant to C.R.C.P. 252.14(b), and/or provide restitution to third parties; the respondent be required to take any other remedial action appropriate under the circumstances; the respondent be assessed the costs of this proceeding; and that the Hearing Board and Presiding Disciplinary Judge enter such further relief as may be appropriate under the circumstances.