The PEOPLE of the State of
Colorado, Complainant,

v.

Peter Joseph ASHLEY, Attorney–
Respondent.

Nos. 91SA34, 91SA69.

Supreme Court of Colorado,
En Banc.

Sept. 16, 1991.

Linda Donnelly, Disciplinary Counsel, Denver, for complainant.

No appearance for attorney-respondent.

PER CURIAM.

The respondent, Peter Joseph Ashley, defaulted in both of these attorney disciplinary proceedings, and he has not appeared in this court. We have consolidated the two proceedings for purposes of this opinion and order. In each proceeding, the hearing panel of the Supreme Court Grievance Committee approved the recommendation of the hearing board that the respondent be disbarred and that he pay restitution plus statutory interest. We accept the recommendations of the hearing panels, order that the respondent be disbarred and pay the costs of the proceedings, and order that the respondent pay restitution and statutory interest as set forth in the findings of the hearing boards.

I

The respondent was admitted to the bar of this court on November 2, 1983, is registered as an attorney upon this court's official records, and is subject to the disciplinary jurisdiction of this court and its grievance committee. C.R.C.P. 241.1(b). These two proceedings involve three complaints, and each complaint contains multiple counts of violations of the Code of Professional Responsibility. The respondent did not appear and did not answer any of the complaints, and the allegations of fact were deemed admitted because of the entry of defaults. *People v. Crimaldi,* 804 P.2d 863, 864 (Colo.1991). Based on the respondent's defaults, and evidence tendered by the disciplinary counsel, the hearing board in each proceeding found that the allegations and charges of misconduct contained in the complaints were established by clear and convincing evidence.

There is a clear pattern of misconduct over a two-year period in the five separate client matters encompassed by the complaints filed by the disciplinary counsel. In each case, the respondent agreed to represent the client and to act on the client's behalf in a civil or criminal matter. In most cases, the respondent accepted a retainer and an advance for court costs from the client. The respondent then performed virtually no services for the client, while misrepresenting to the client that the matter was proceeding apace, and that a resolution was forthcoming. After a while, the respondent would refuse further communication with the client, and he would abandon the case and the client. The respondent also made misrepresentations to the

court on two occasions that he was engaged in settlement negotiations when he was not, and he fabricated an affidavit of a fictitious person. The hearing boards concluded that the respondent's conduct caused actual damage to all of the clients involved in the complaints and that at least one client was seriously harmed.

The hearing boards determined, and we agree, that the respondent's conduct violated DR 1–102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice); DR 6–101(A)(3) (a lawyer shall not neglect a legal matter entrusted to him); DR 7–101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of his client through reasonably available means); DR 7–101(A)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client); and DR 7–101(A)(3) (a lawyer shall not intentionally prejudice or damage his client during the course of the professional relationship). In one case, the hearing board found that the respondent also violated DR 9–102(B)(4) (a lawyer shall promptly pay or deliver to the client as requested by the client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive). Because the respondent did not appear and did not answer any of the complaints, he violated C.R.C.P. 241.6(7) (failure to respond to a request by the grievance committee without good cause shown, or obstruction of the committee or any part thereof in the performance of its duties constitutes ground for lawyer discipline). Finally, by virtue of the foregoing, the respondent also violated DR 1–102(A)(1) (a lawyer shall not violate a disciplinary rule), and C.R.C.P. 241.6 (grounds for lawyer discipline).

## II

The hearing panel in each proceeding accepted the recommendation of the hearing board that the respondent be disbarred. We find that a number of standards contained in the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986) (*ABA Standards*), apply in this case. In the absence of aggravating or mitigating circumstances, disbarment is generally appropriate when:

(a) a lawyer abandons his practice and causes serious or potentially serious injury to a client; or

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect to client matters and causes serious or potentially serious injury to a client.

*ABA Standards* 4.41. Disbarment is also warranted "when a lawyer knowingly deceives a client with the intent to benefit the lawyer or another, and causes serious injury or potentially serious injury to a client." *ABA Standards* 4.61. *See also ABA Standards* 6.1 (disbarment is generally appropriate when a lawyer, with intent to deceive the court, makes a false statement or submits a false document, and causes serious or potentially serious injury to a party or causes a significant or potentially significant adverse effect on the legal proceeding).

On September 10, 1990, we suspended the respondent for three years for misconduct similar to, and contemporaneous with, that at issue here. *See People v. Ashley*, 796 P.2d 962 (Colo.1990). In aggravation, we find: (1) a pattern of misconduct, *ABA Standards* 9.22(c); (2) the presence of multiple offenses, *id.* at 9.22(d); (3) the bad faith obstruction of the disciplinary proceedings, *id.* at 9.22(e); (4) that the respondent has refused to acknowledge the wrongful nature of his conduct, *id.* at 9.22(g); and (5) that the respondent is indifferent to making restitution, *id.* at 9.22(j). Because the respondent did not appear or answer the complaints, the hearing boards found no mitigating circumstances, nor do we. We therefore accept the recommendations of the hearing panels and order that the respondent be disbarred.

## III

Accordingly, it is hereby ordered that Peter Joseph Ashley be disbarred and that

 

his name be stricken from the list of attorneys authorized to practice before this court, effective immediately upon the issuance of this opinion. It is ordered that Ashley pay restitution and statutory interest as recommended by the hearing boards. It is further ordered that Ashley pay the costs of these proceedings in the amount of $557.65 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.