**The PEOPLE of the State of Colorado, Complainant,**

v.

**Mark Joseph GILBERT, Attorney–Respondent.**

**No. 96SA158.**

Supreme Court of Colorado, En Banc.

July 22, 1996.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

Mark Joseph Gilbert, Lakewood, pro se.

PER CURIAM.

A hearing panel of the supreme court grievance committee approved the findings and recommendations of a hearing board that the respondent in this lawyer discipline proceeding be disbarred, pay restitution, and comply with certain court orders. Neither the respondent nor the assistant disciplinary counsel has excepted to the panel's action. We accept the hearing panel's recommendation.

I

The respondent was admitted to practice law in Colorado in 1986. Because the respondent did not answer the complaint filed by the assistant disciplinary counsel, a default was entered against him, and the allegations of fact contained in the complaint were deemed admitted. C.R.C.P. 241.13(b); *People v. Barr*, 855 P.2d 1386, 1386 (Colo.1993). The respondent did appear before the hearing board and offered evidence in mitigation. Based on the respondent's default and the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

A

On or about May 13, 1994, Timothy Lenahan retained the respondent to represent him in settlement negotiations in a collection matter. Lenahan paid the respondent a $300 flat fee. The respondent was unsuccessful in obtaining a settlement.

Lenahan then paid the respondent $662 on July 25, 1994, to file two separate county court actions against the two parties involved in the dispute. The respondent agreed to handle the two cases for a $600 flat fee plus $62 for filing costs. It was further agreed that if the cases went to trial, the respondent would be paid an additional $600.

The respondent did not deposit any of these funds in a trust account. Although he conducted some research and prepared drafts of the complaints, he failed to file the complaints and he performed no further services for his client.

The respondent closed his law office in the late summer of 1994. He did not contact or advise Lenahan that he was closing his office, however. In late August 1994, Lenahan discovered that the respondent's telephone had been disconnected and that the respondent had moved out of his office. Lenahan has been unsuccessful in contacting the respondent.

The hearing board concluded that the respondent converted the $62 filing fee and the $600 advance fee to his own personal use. He performed no services to earn the fees, and he abandoned his law practice without notifying Lenahan. The foregoing conduct violated R.P.C. 1.3 (a lawyer shall not neglect a legal matter entrusted to that lawyer); R.P.C. 1.4(a) (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); R.P.C. 1.15(a) (a lawyer shall hold property of clients that is in a lawyer's possession separate from the lawyer's own property); R.P.C. 1.15(b) (a lawyer shall promptly deliver to the client any funds or other property that the client is entitled to receive); and R.P.C. 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation).

B

In August 1993, the respondent was appointed to represent a prisoner incarcerated in the Limon Correctional Facility in a federal civil rights action, which had been filed by the prisoner pro se. The respondent also agreed to represent the client in a second civil rights action. Beginning in the fall of 1994, however, the client was unable to communicate with the respondent. The respondent closed his law office in late summer 1994, but did not notify his client. On June 6, 1995, the respondent's client filed a motion for appointment of substitute counsel, essentially stating that the respondent had abandoned him. The hearing board concluded that the respondent thereby violated R.P.C.

1.3 (neglect of a legal matter); R.P.C. 1.4(a) (fail to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); and R.P.C. 8.4(d) (engage in conduct that is prejudicial to the administration of justice).

## C

In November 1994, the respondent was ordered to pay attorney fees incurred by Richard Lafond in a Denver county court case. The county court issued an order on November 15, 1994, requiring the respondent to answer interrogatories concerning his assets. The respondent failed to answer the interrogatories.[1] To date, the respondent has not complied with either court order.

On March 17, 1995, the court ordered the respondent to appear on May 4, 1995, to show cause why he should not be held in contempt. The respondent failed to appear on May 4, and a bench warrant was issued for his arrest. The warrant remains outstanding. As the hearing board found, the respondent violated R.P.C. 3.4(c) (knowingly disobey an obligation under the rules of a tribunal); and R.P.C. 8.4(d) (conduct prejudicial to the administration of justice).

## II

The hearing panel approved the board's recommendation that the respondent be disbarred, pay restitution, and comply with the court orders in the Lafond matter. The respondent has not excepted to the panel's action.

This case involves the conversion of client funds in conjunction with the lawyer's abandonment of the practice of law, misconduct deemed sufficient to warrant disbarment. *See, e.g., People v. Tucker,* 904 P.2d 1321, 1325 (Colo.1995) (lawyer who abandoned her clients while continuing to collect attorney fees for work that would not be performed was disbarred); *People v. Fritsche,* 897 P.2d 805, 806–07 (Colo.1995) (lawyer who effectively abandoned clients and disregarded disciplinary proceedings was disbarred rather

than suspended); *see also* ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp. 1992) (ABA *Standards* ) 4.41(a) (disbarment generally appropriate when lawyer abandons practice of law causing serious or potentially serious injury to a client).

Based on the respondent's testimony at the hearing in mitigation, the board found that the respondent was suffering from personal or emotional problems, *id.* at 9.32(c); and expressed remorse for his misconduct, *id.* at 9.32(*l* ). Without more, we conclude that these are insufficient to justify a sanction less than disbarment. Accordingly, we accept the panel's and board's recommendations.

## III

It is hereby ordered that Mark Joseph Gilbert be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective thirty days after the issuance of this opinion. It is also ordered that, prior to any application for readmission, and as a condition of readmission, the respondent make restitution in the amount of $662, plus statutory interest from July 25, 1994, until paid, to Timothy Lenahan. It is further ordered that the respondent demonstrate, prior to any application for readmission, that he has complied with the court orders in the Lafond matter. Finally, the respondent is ordered to pay the cost of this proceeding in the amount of $625.73 within thirty days of the date of this opinion to the Supreme Court Grievance Committee, 600 17th Street, Suite 920–S, Denver, Colorado 80202.

---

**1.** The respondent received a letter of admonition on February 8, 1995, for his failure to comply with the court orders to pay attorney fees and to respond to interrogatories.