**In the Matter of Jon C. STEVENSON, Attorney-Respondent.**

**No. 99SA42.**

Supreme Court of Colorado, En Banc.

May 10, 1999.

Linda Donnelly, Attorney Regulation Counsel, Deborah A. Elsas, Assistant Regulation Counsel, Denver, Colorado Attorneys for Complainant

No Appearance By or on Behalf of Attorney-Respondent

PER CURIAM.

The respondent in this lawyer discipline case is Jon C. Stevenson. He defaulted before the grievance committee and has not appeared in this court. Stevenson abandoned a client and misappropriated her funds. A hearing panel of the grievance committee approved the findings and recommendation of a hearing board that Stevenson be disbarred. We accept the recommendation and order that Stevenson be disbarred.

### I. *The Default Proceedings Below*

Jon C. Stevenson was admitted to practice law in this state in 1988. Because he did not answer the formal complaint filed in this case, a default was entered against him, and the allegations of fact contained in the complaint were deemed admitted. *See* C.R.C.P. 241.13(b); *People v. Pierson,* 917 P.2d 275, 275 (Colo.1996). Based on the default and the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

Dianna Paddock–Cowles paid Stevenson $500 to represent her in her dissolution of marriage proceeding. The custody and property issues were resolved by a stipulation between the parties on October 22, 1996. Because her husband received primary residential custody of the children, Paddock–Cowles agreed to pay child support. The court ordered Stevenson to submit proposed written orders to the court within twenty days. When she couldn't reach Stevenson, Paddock–Cowles contacted the guardian ad litem who was able to contact him. Stevenson had not prepared the orders. However, on March 13, 1997, Stevenson sent a proposed decree and order to the guardian. The proposed order and stipulation were submitted and signed by the court in April 1997, but the decree was not submitted to the court until July 1997.

On March 14, 1997, the opposing counsel forwarded $744.61 to Stevenson, representing Paddock–Cowles's share from a sale of livestock. Stevenson endorsed the check, and either cashed it or deposited it into his own account. In any event, he has not delivered these funds to his client or otherwise accounted for them.

In July 1997, Stevenson filed motions for change of custody. At a hearing in December 1997, Paddock–Cowles was granted custody of the children and her husband was ordered to pay child support. When Stevenson again failed to return her phone calls, however, Paddock–Cowles hired a new lawyer. Although she instructed Stevenson to take the necessary steps to withdraw from representing her, he did not. The new lawyer tried to contact Stevenson, but without success. Stevenson has not forwarded Paddock–Cowles's files to successor counsel; nor has he returned telephone messages left by the investigative counsel; nor has he responded to the request for investigation filed against him in this case.

The hearing board found that Stevenson's conduct violated Colo. RPC 1.3 (neglecting a legal matter entrusted to the lawyer); 1.4(a) (failing to communicate with a client); 1.15(b) (failing to promptly deliver funds a client is entitled to receive, or to render an accounting thereon); 1.16(d) (failing to take reasonable steps to protect a client's interests upon withdrawal); 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); 8.4(d) (engaging in conduct prejudicial to the administration of justice); and C.R.C.P. 241.6(7) (failing to cooperate with the disciplinary authorities).

## II. *The Sanction*

The hearing panel approved the board's recommendation that Stevenson be disbarred. The hearing board found that Stevenson abandoned his client, and that he misappropriated the $744.61 forwarded to him by the husband's lawyer. Both types of misconduct warrant disbarment.

Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of mitigating factors, "[d]isbarment is generally appropriate when ... a lawyer abandons the practice and causes serious or potentially serious injury to a client." ABA *Standards* 4.41(a). Moreover, ABA *Standards* 4.11 provides that "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client." *See, e.g., People v. Roybal*, 949 P.2d 993, 997–98 (Colo.1997) (disbarring lawyer after he effectively abandoned client and misappropriated unearned attorney fees; citing similar cases in which disbarment was found appropriate).

Since Stevenson defaulted and did not appear before the hearing board, no factors in mitigation were found. The hearing board did find the presence of the following aggravating factors, however: Stevenson received a letter of admonition in 1996, *see* ABA *Standards* 9.22(a) (prior discipline is an aggravating factor for determining the level of discipline); he had a dishonest or selfish motive, *see id.* at 9.22(b); there is a pattern of misconduct in this case, *see id.* at 9.22(c); Stevenson has refused to acknowledge the wrongfulness of his conduct, *see id.* at 9.22(g); his client was vulnerable, *see id.* at 9.22(h); he has substantial experience in the practice of law, *see id.* at 9.22(i); and Stevenson has been indifferent to making restitution, *see id.* at 9.22(j).

Stevenson's failure to participate in these proceedings only underscores our conclusion that disbarment is appropriate. Accordingly, we accept the panel's and board's recommendation.

## III.

We hereby order that Jon C. Stevenson be disbarred, effective thirty days after the date of this opinion. We also order that, prior to any application for readmission and as a condition thereof, Stevenson must make restitution to Dianna Paddock–Cowles in the amount of $744.61 plus statutory interest from March 14, 1997, until paid. We further order that Stevenson pay the costs of this proceeding in the amount of $124.11 within thirty days after this opinion is released, to the Attorney Regulation Committee, 600 Seventeenth Street, Suite 200 South, 80202–5432.