The PEOPLE of the State of Colorado, Complainant,

v.

Gordon S. THOMPSON, Respondent.

No. 05PDJ077.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

July 21, 2006.

## REPORT, DECISION, AND ORDER IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)

*SANCTION IMPOSED:* ATTORNEY DISBARRED

### I. *ISSUE*

Disbarment is generally appropriate when a lawyer engages in intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on his fitness to practice *or* when a lawyer knowingly converts client property and causes injury. Respondent represented a minor client, accepted retainer funds, misrepresented the status of the case with a forged document, eventually abandoned her without refunding the retainer funds, and failed to participate in these proceedings. What is the appropriate sanction?

### II. *PROCEDURAL HISTORY AND FACTUAL BACKGROUND*

■ The People filed their complaint in 05PDJ077 with the Court on October 27, 2005. Respondent failed to file an answer in this case and the Court granted the People's motion for default on March 4, 2006. Upon the entry of default, the Court deems all facts set forth in the complaint admitted and all rule violations established by clear and convincing evidence. *People v. Richards,* 748 P.2d 341, 346 (Colo.1987).

The Court hereby adopts and incorporates by reference the factual background of this case fully detailed in the admitted complaint.[1] Respondent took and subscribed the oath of admission, was admitted to the bar of the Colorado Supreme Court on October 25, 1999, and is registered upon the official records of the Colorado Supreme Court, Attorney Registration No. 30904. The Court suspended Respondent for a period of three years in another case (05PDJ041), effective August 19, 2005. The allegations in this case arise from Respondent's representation of a minor client.

In March 2005, Megan Chambers retained Respondent to represent her in becoming legally emancipated from her parents. On March 25, 2005, she paid Respondent $450.00. On April 8, 2005, Ms. Chambers paid Respondent an additional $450.00 and then paid him a final $100.00 on April 11, 2005. Each payment constituted an advance payment of fees.

On May 25, 2005, Respondent filed a motion for declaratory judgment, affidavits, and a request for forthwith ruling in the Douglas County District Court on behalf of Ms. Chambers. On June 7, 2005, the district court entered a minute order in which the district court questioned its own ability to go forward in the matter. The district court ordered Ms. Chambers to demonstrate the capacity to pursue the proceeding and address whether, in any event, a guardian *ad litem* should be appointed to represent her best interests. Respondent received a copy of this minute order.

Respondent made one contact with an adult concerning the possibility of acting as "next friend" for Ms. Chambers, but took no further action on behalf of his client to address the issues raised by the district court. Respondent never notified Ms. Chambers of the minute order and the district court closed the case by order dated September 28, 2005.

On June 1, 2005, prior to receiving the district court's minute order, Respondent gave Ms. Chambers a document, which Respondent represented had been signed by Judge Lawrence Manzanares of the Denver District Court. Respondent represented to Ms. Chambers that this document was all she needed to establish her legal emancipation from her parents. This document is a forged and false document.

Respondent thereafter abandoned Ms. Chambers by failing to pursue her legal matter, failed to adequately communicate with her concerning the status of her legal matter, and failed to protect her interests at the time he effectively terminated his services. Respondent also knowingly and intentionally deceived her when he created the false document purported to be from Judge Manzanares. Finally, Respondent knowingly exercised unauthorized dominion and control over

1. *See* the People's complaint filed October 27, 2005.

Ms. Chambers' property, thereby converting her property for his own use and benefit.

■ The facts admitted through the entries of default constituted multiple violations of the Colorado Rules of Professional Conduct including: Colo. RPC 1.3 (acting with reasonable diligence); Colo. RPC 1.4(a) (communication with a client); Colo. RPC 1.15(a) (exercising unauthorized dominion and control of a client's property); Colo. RPC 1.16(d) (protecting a client's interests upon termination of representation); and two counts of Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation).

## III. SANCTIONS

■ The ABA Standards for Imposing Lawyer Sanctions (1991 & Supp.1992) ("ABA Standards") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanctions for lawyer misconduct. In re Roose, 69 P.3d 43, 46–47 (Colo.2003). In imposing a sanction after a finding of lawyer misconduct, the Court must consider the duty breached, the mental state of the lawyer, the injury or potential injury caused, and the aggravating and mitigating evidence pursuant to ABA Standard 3.0.

■ Respondent's failure to participate in any meaningful way leaves the Court with no alternative but to consider only the established facts and rule violations set forth in the complaint in evaluating the first three factors listed above. The Court finds Respondent breached his duties of diligence and honesty to his minor client and the legal profession. The entry of default established that Respondent intentionally deceived his client with a forged document and knowingly converted funds entrusted to him by his client. The facts established by the entry of default also support a finding of actual and potential harm to Respondent's minor client and the legal profession.[2]

The People allege that several aggravating factors exist including prior disciplinary offenses (Respondent suspended for three years in case 05PDJ041 on July 19, 2005), a dishonest or selfish motive, multiple offenses, and a vulnerable victim (minor child). See ABA Standards 9.22(a), (b), (d), and (h). Due in part to the absence of any contradictory evidence, the Court finds clear and convincing evidence to support each aggravating factor alleged by the People. Respondent presented no evidence in mitigation.

The ABA Standards suggest that the presumptive sanction for the misconduct evidenced by the admitted facts and rule violations in this case range from suspension to disbarment. Respondent intentionally used a forged document to misrepresent the status of his minor client's case. Disbarment is generally appropriate when a lawyer engages in any intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice. ABA Standard 5.11(b).

Respondent also knowingly converted at least a portion of the advanced fees paid to him by his minor client after he stopped communicating with her and abandoned her case. Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client and suspension is generally appropriate when a lawyer knowingly fails to perform services for a client or engages in a pattern of neglect and causes injury or potential injury to a client. ABA Standards 4.11 and 4.42(b).

■ In the absence of significant mitigating factors, Colorado Supreme Court case law applying the ABA Standards holds disbarment is the presumptive sanction for conversion of client funds alone. Knowing conversion or misappropriation of client money "consists simply of a lawyer taking a client's money entrusted to him, knowing that it is

---

2. The People's complaint alleged that Respondent "did not earn the entire advance fee" Ms. Chambers paid to him. However, the People at the Sanctions Hearing sought a refund of the entire amount Ms. Chambers paid to Respondent. The Court may order Respondent to refund money paid to him by a client. C.R.C.P. 251.19(c)(2).

The Court concludes such a refund is appropriate in this case due to the fact that Respondent performed virtually no services to earn the advance fees before abandoning his client. See People v. Gilbert, 921 P.2d 48 (Colo.1996); People v. Ashley, 817 P.2d 965 (Colo.1991); People v. Tucker, 904 P.2d 1321 (Colo.1995).

the client's money and knowing that the client has not authorized the taking." *People v. Varallo,* 913 P.2d 1, 11 (Colo.1996). Neither the lawyer's motive in taking the money, nor the lawyer's intent regarding whether the deprivation is temporary or permanent, are relevant for disciplinary purposes. *Id.* at 10–11. Significant mitigating factors may overcome the presumption of disbarment, however, none are presented in this case. *See In re Fischer,* 89 P.3d 817 (Colo.2004) (finding significant facts in mitigation).

Additional Colorado Supreme Court case law applying the ABA *Standards* holds disbarment is the presumptive sanction for Respondent's misconduct. *See In re Stevenson,* 979 P.2d 1043, 1044 (Colo.1999) (attorney disbarred for abandoning client and misappropriating funds); *People v. Townshend,* 933 P.2d 1327, 1328 (Colo.1997) (attorney disbarred for effective abandonment of clients); *People v. Gilbert,* 921 P.2d 48, 50 (Colo.1996) (attorney disbarred for conversion of client funds and abandonment of practice); *People v. Goldstein,* 887 P.2d 634 (Colo.1994) (attorney disbarred for dishonest and deceitful conduct in handling two legal matters in which he concocted the progress he was making on the clients' cases, when indeed he had undertaken no such activity on their behalf).

While Respondent's failure to refund the retainer funds alone likely warrants disbarment, Respondent's additional misconduct in intentionally deceiving and abandoning his minor client leave the Court with no other conclusion that disbarment is the only appropriate sanction in this case. Respondent's complete failure to participate in these proceedings further precludes any deviation from the presumptive sanction.

## IV.  CONCLUSION

One of the primary goals of our disciplinary system is to protect the public from lawyers who pose a danger to them. The facts established in the complaint, without explanation or mitigation, reveal the serious danger Respondent poses to the public. He failed to deal diligently or honestly with his minor client and this misconduct seriously adversely reflects on his fitness to practice law. Absent extraordinary factors in mitigation not presented here, the ABA *Standards* and Colorado Supreme Court case law applying the ABA *Standards* both support disbarment. Upon consideration of the nature of Respondent's misconduct, his mental state, the significant harm and potential harm caused, and the absence of mitigating factors, the Court concludes there is no justification for a sanction short of disbarment.

## V.  ORDER

The Court therefore **ORDERS:**

1.  GORDON S. THOMPSON, Attorney Registration No. 030904, is **DISBARRED** from the practice of law, effective thirty—one (31) days from the date of this Order, and his name shall be stricken from the list of attorneys licensed to practice law in the State of Colorado.

2.  GORDON S. THOMPSON **SHALL** refund the money paid to him by Megan Chambers in the amount of $1,000.00.

3.  GORDON S. THOMPSON **SHALL** pay the costs of these proceedings. The People shall submit a Statement of Costs within fifteen (15) days of the date of this Order. Respondent shall have ten (10) days within which to respond.