The PEOPLE of the State of Colorado, Complainant

v.

David Anthony FIORE, Respondent.

No. 12PDJ076.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

March 15, 2013.

On February 26, 2013, the Presiding Disciplinary Judge ("the Court") held a sanctions hearing pursuant to C.R.C.P. 251.15(b). Alan C. Obye and Charles E. Mortimer Jr. appeared on behalf of the Office of Attorney Regulation Counsel ("the People"). David Anthony Fiore ("Respondent") did not appear, nor did counsel appear on his behalf. The Court now issues the following "Opinion and Decision Imposing Sanctions Pursuant to C.R.C.P. 251.19(c)."

## OPINION AND DECISION IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)

### I. *SUMMARY*

Respondent was hired by two separate clients to help them file for bankruptcy. He failed to file a required document in one client's case, resulting in the dismissal of her bankruptcy petition. In the other client's matter, Respondent did not complete any work and never returned the client's fees. In the course of these representations, Respondent violated Colo. RPC 1.3, 1.4(a)(3), 1.16(d), and 8.4(c). His conversion of unearned client fees warrants imposition of disbarment.

Attorney Regulation. The Presiding Disciplinary Judge disbarred David Anthony Fiore (Attorney Registration Number 39729), effective April 19, 2013. Fiore failed to act with reasonable diligence and promptness in representing a client in her Chapter 7 bankruptcy matter when he neglected to file her certificate of debtor education with the bankruptcy court. He did not keep her informed about the status of her case when she attempted to contact him. Fiore's conduct caused the client's bankruptcy case to be closed, and her debt was not discharged. In a second case, Fiore again failed to keep his client informed about her case. In addition, Fiore did not return the client's property when his representation was terminated, and he retained her payment without having earned the fees. His misconduct constitutes grounds for the imposition of discipline pursuant to C.R.C.P. 251.5 and violated Colo. RPC 1.3, 1.4(a)(3), 1.16(d), and 8.4(c).

### II. *PROCEDURAL HISTORY*

The People filed their complaint against Respondent on October 10, 2012. Respondent failed to answer the complaint, and the Court granted a motion for default on January 2, 2013. Upon the entry of default, the Court deems all facts set forth in the complaint admitted and all rule violations established by clear and convincing evidence.[1] At the sanctions hearing on February 26, 2013, the Court admitted the People's exhibits 1–3 and heard testimony from Marianne Lind.

### III. *ESTABLISHED FACTS AND RULE VIOLATIONS*

The Court hereby adopts and incorporates by reference the factual background of this case, as fully detailed in the admitted complaint.[2] Respondent took the oath of admis-

---

1. *See People v. Richards,* 748 P.2d 341, 346 (Colo. 1987); C.R.C.P. 251.15(b).

2. *See* the People's complaint for further detailed findings of fact.

sion and was admitted to the bar of the Colorado Supreme Court on May 20, 2008, under attorney registration number 39729.[3] He is thus subject to the Court's jurisdiction in these disciplinary proceedings.[4]

### Lind Matter

Marianne Lind hired Respondent to represent her in a Chapter 7 bankruptcy matter. On August 24, 2010, Lind signed a fee agreement providing that she would pay Respondent fees and costs totaling $1,449.00. Through incremental payments, Lind paid that sum to Respondent by January 25, 2011.

On April 11, 2011, Respondent filed Lind's Chapter 7 petition. Lind completed her required course on financial management on May 11, 2011, and gave Respondent her "Certificate of Debtor Education." Lind and Respondent also attended her creditor's meeting the next day. Respondent, however, never filed Lind's "Certificate of Debtor Education" with the court.

On June 24, 2011, the court issued a "Notice of Requirement to File Statement of Completion of Course in Personal Financial Management." Although Respondent could have satisfied this requirement by filing Lind's certificate, he did not do so. As a result, the court closed Lind's case without discharging her debt on August 10, 2011.

After placing numerous calls to Respondent, Lind finally reached him. He told her he would take care of the matter and pay whatever fee was necessary to reopen her case. But when Lind subsequently called Respondent, she could not reach him. A receptionist at his office told Lind that Respondent no longer worked there. Respondent never reopened Lind's bankruptcy case.

■ In this matter, Respondent violated Colo. RPC 1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client. He also violated Colo. RPC 1.4(a)(3), which mandates that lawyers keep their clients reasonably informed about the status of their matters.

### Lucero Matter

As Lind had done, Jeanea Lucero hired Respondent to help her file a Chapter 7 bankruptcy petition. Pursuant to a fee agreement dated March 2, 2011, Lucero agreed to pay Respondent $1,449.00 in fees and costs. Respondent was to file Lucero's bankruptcy petition once she paid him in full.

Lucero made incremental payments to Respondent and had paid him $750.00 by July 25, 2011. In September 2011, Lucero went to Respondent's office to make her final payment, but she was told he no longer worked there. She received no information about how to reach him. Lucero left messages on several phone numbers she had for Respondent, but he never called her back.

■ Respondent had in his possession personal documents belonging to Lucero—including two credit reports, original paycheck stubs, and other financial documents—that he never returned. Further, Respondent never refunded Lucero's fees or gave her an accounting regarding those funds.

As in the Lind representation, Respondent violated Colo. RPC 1.4(a)(3) by failing to keep Lucero informed about her case. In addition, Respondent violated Colo. RPC 1.16(d), which requires a lawyer to return a client's papers and property upon termination of a representation. Finally, by retaining Lucero's $750.00 payment without having earned those funds or conferred a benefit upon her, Respondent violated Colo. RPC 8.4(c), which proscribes dishonest conduct.

### IV. SANCTIONS

■ The American Bar Association *Standards for Imposing Lawyer Sanctions* (1991 & Supp. 1992) ("ABA *Standards*") and Colorado Supreme Court case law guide the imposition of sanctions for lawyer misconduct.[5] In imposing a sanction after a finding of lawyer misconduct, the Court must consider the duty violated, the lawyer's mental state,

---

**3.** Respondent's registered business address is 9518 West San Juan Circle, Unit 306, Littleton, Colorado 80128.

**4.** *See* C.R.C.P. 251.1(b).

**5.** *See In re Roose,* 69 P.3d 43, 46–47 (Colo.2003).

and the actual or potential injury caused by the lawyer's misconduct. These three variables yield a presumptive sanction that may be adjusted in consideration of aggravating and mitigating factors.

### ABA *Standard* 3.0—Duty, Mental State, and Injury

█ *Duty* : Respondent violated a duty to his clients by neglecting to exercise reasonable diligence, providing inadequate communication, failing to return client property, and converting client funds.[6]

█ *Mental State* : The complaint explicitly establishes that Respondent knowingly violated Colo. RPC 8.4(c) and strongly suggests that Respondent engaged in the other misconduct either knowingly or recklessly.

█ *Injury* : Respondent harmed Lucero by converting her funds, and he injured both clients by denying them the opportunity to resolve their bankruptcy matters in a timely fashion. At the sanctions hearing, Lind testified that Respondent assured her she would be able to move on with her life two years after filing her bankruptcy petition, but—with more than two years elapsed since that time—she still has been unable to do so. Her credit remains poor, and as a result she is struggling to find rental housing. According to Lind, she cannot afford to pay another attorney to refile her bankruptcy petition.

### ABA *Standards* 4.0–7.0—Presumptive Sanction

Disbarment is the presumptive sanction under ABA *Standard* 4.11 when a lawyer knowingly converts client property and thereby harms a client.

6. *See* ABA *Standard* 4.0. Although the ABA *Standards* suggest that violation of Colo. RPC 1.16(d) is a violation of a duty owed as a professional, the Court finds that failure to return a client's property can also accurately be characterized as a violation of a duty owed to clients.

7. *See* ABA *Standards* 9.21 & 9.31.

8. *See People v. Sather*, 936 P.2d 576, 579 (Colo. 1997) (accepting a conditional admission of mis-

### ABA *Standard* 9.0—Aggravating and Mitigating Factors

█ Aggravating circumstances include any considerations or factors that may justify an increase in the degree of discipline to be imposed, while mitigating circumstances may justify a reduction in the severity of the sanction.[7] The Court considered evidence of the following aggravating and mitigating circumstances in deciding the appropriate sanction. Because Respondent did not participate in the disciplinary proceeding, the Court is aware of just two mitigating circumstances.

*Dishonest or Selfish Motive—9.22(b)* : The Court infers from Respondent's decision to keep unearned legal fees that he was acting with a dishonest and selfish motive.

*Pattern of Misconduct—9.22(c)* : Respondent engaged in similar misconduct in two client matters during the same general timeframe, demonstrating an incipient pattern of misconduct.[8]

*Multiple Offenses—9.22(d)* : Respondent engaged in several types of misconduct, including inadequate communication, lack of diligence, and dishonesty.

*Indifference to Making Restitution—9.22(j)* : Respondent has made no effort to repay the money he owes Lind.

*Absence of Prior Disciplinary Record—9.32(a)* : The Court considers Respondent's lack of prior discipline as a mitigating factor.

*Inexperience in the Practice of Law—9.32(f)* : Respondent had been admitted to the bar just three years before engaging in the misconduct addressed here. As such, the Court deems him relatively inexperienced in the practice of law.

conduct and stating that a letter of admonition issued the previous year was "evidence of a pattern of misconduct" under ABA *Standard* 9.22(c) because it "concern[ed] events apparently occurring during the same time period as in this case"); *In re Reardon*, 759 A.2d 568, 577 (Del. 2000) ("A pattern may be discerned from two or more recognizably consistent acts that serve as a predictor of future misconduct.").

### Analysis Under ABA *Standards* and Colorado Case Law

The aggravating factors in this case outweigh mitigating factors, and ABA *Standard* 9.0 therefore counsels that the Court impose the presumptive sanction of disbarment.

■ Colorado case law also identifies disbarment as the proper sanction when a lawyer knowingly converts client funds, absent significant mitigation.[9] For example, in *People v. Kuntz*, the Colorado Supreme Court determined disbarment was appropriate when a lawyer accepted legal fees from several clients, performed little to no work on their cases, and then abandoned the clients without returning their funds.[10] Similarly, in *In re Stevenson*, a lawyer was disbarred after abandoning his client and misappropriating funds.[11] The lawyer's failure to participate in the disciplinary proceeding in *Stevenson* underscored the Colorado Supreme Court's conclusion that disbarment was appropriate.[12]

■ In sum, given the aggravating factors, relevant Colorado Supreme Court case law, and Respondent's failure to participate in this proceeding, the presumptive sanction of disbarment is clearly warranted here.

### V. *CONCLUSION*

Respondent violated his duties to his clients by failing to perform work, neglecting to communicate, and converting unearned funds. This serious misconduct calls for disbarment.

### VI. *ORDER*

The Court therefore **ORDERS**:

1. **DAVID ANTHONY FIORE**, attorney registration number 39729, is **DISBARRED**. The **DISBARMENT SHALL** take effect only upon issuance of an "Order and Notice of Disbarment."[13]

2. Respondent **SHALL** file any post-hearing motion or application for stay pending appeal with the Court **on or before April 5, 2013**. No extensions of time will be granted. If Respondent files a post-hearing motion or an application for stay pending appeal, the People **SHALL** file any response thereto within seven days, unless otherwise ordered by the Court.

3. Respondent **SHALL** pay restitution in the amount of $750.00 to Jeanea Lucero and restitution in the amount of $1,449.00 to Marianne Lind or, in the alternative, reimburse the Colorado Attorney's Fund for Client Protection for all proceeds that may have been paid to these named clients.

4. Respondent **SHALL** pay the costs of these proceedings. At the sanctions hearing on February 26, 2013, the People introduced as Exhibit 3 a "Statement of Costs," which reflects a $91.00 administrative fee, and which is attached to this opinion as Exhibit 1. Respondent **SHALL** file his response to the People's statement, if any, **on or before March 29, 2013**.

9. *In re Haines*, 177 P.3d 1239, 1250 (Colo.2008); *see also In re Cleland*, 2 P.3d 700, 703 (Colo. 2000) (determining that knowing misappropriation of client funds warrants disbarment); *People v. Varallo*, 913 P.2d 1, 10–11 (Colo.1996) (holding that disbarment is the appropriate sanction for knowing conversion of client funds, regardless of whether the lawyer intended to permanently deprive the client of those funds).

10. 942 P.2d 1206, 1208 (Colo.1997); *see also People v. Roybal*, 949 P.2d 993, 998 (Colo.1997) (disbarring attorney for abandoning clients, failing to return unearned fees, and engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

11. 979 P.2d 1043, 1044 (Colo.1999).

12. *Id.* at 1045.

13. In general, an order and notice of sanction will issue thirty-five days after a decision is entered pursuant to C.R.C.P. 251.19(b) or (c). In some instances, the order and notice may issue later than thirty-five days by operation of C.R.C.P. 251.27(h), C.R.C.P. 59, or other applicable rules.