The PEOPLE of the State of Colorado, Complainant

v.

Victoria Lynne RINGLER, Respondent.

No. 12PDJ087.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

June 21, 2013.

Attorney Regulation. The Presiding Disciplinary Judge disbarred Victoria Lynne Ringler (Attorney Registration Number 30727), effective July 26, 2013. Ringler was hired by a client to assist in her dissolution of marriage matter. After making initial filings, Ringler failed to complete additional work, failed to respond to her client's inquiries, and never returned her client's retainer. Ringler's misconduct constitutes grounds for the imposition of discipline pursuant to C.R.C.P. 251.5 and violated Colo. RPC 1.3, 1.4(a)(3) and (4), 1.15(a), 1.16(d), and 8.4(c).

**OPINION AND DECISION IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)**

On June 13, 2013, the Presiding Disciplinary Judge ("the Court") held a sanctions hearing pursuant to C.R.C.P. 251.15(b).

Alan C. Obye appeared on behalf of the Office of Attorney Regulation Counsel ("the People"). Victoria Lynne Ringler ("Respondent") did not appear, nor did counsel appear on her behalf. The Court now issues the following "Opinion and Decision Imposing Sanctions Pursuant to C.R.C.P. 251.19(c)."

## I. SUMMARY

Respondent was hired by a client to assist in her dissolution of marriage matter. After making initial filings, Respondent failed to complete additional work, failed to respond to the client's inquiries, and never returned the client's retainer. This misconduct violated Colo. RPC 1.3, 1.4(a)(3) and (4), 1.15(a), 1.16(d), and 8.4(c). Because Respondent converted unearned fees and abandoned her client, and because only one factor mitigates her misconduct, Respondent must be disbarred.

## II. PROCEDURAL HISTORY

On December 10, 2012, the People filed a "Petition for Immediate Suspension," requesting Respondent be immediately suspended from the practice of law pursuant to C.R.C.P. 251.8. The Court issued an "Order to Show Cause Pursuant to C.R.C.P. 251.8(b)(2)" the same day, but Respondent did not respond to the show cause order or request a hearing pursuant to C.R.C.P. 251.8(b)(3). Accordingly, on January 8, 2013, the Court issued a report recommending that Respondent be immediately suspended; on January 18, 2013, the Colorado Supreme Court followed that recommendation and immediately suspended Respondent from the practice of law.

The People then filed their disciplinary complaint against Respondent on January 29, 2013. Respondent failed to answer the complaint, and the Court granted a motion for default on April 4, 2013. Upon the entry of default, the Court deems all facts set forth in the complaint admitted and all rule violations established by clear and convincing evidence.[1] At the sanctions hearing on June 13, 2013, the People did not introduce exhibits or present testimony.[2]

## III. ESTABLISHED FACTS AND RULE VIOLATIONS

■ The Court hereby adopts and incorporates by reference the factual background of this case, as fully detailed in the admitted complaint.[3] Respondent took the oath of admission and was admitted to the bar of the Colorado Supreme Court on May 20, 1999, under attorney registration number 30727.[4] She is thus subject to the Court's jurisdiction in these disciplinary proceedings.[5]

In January 2011, Christine Lucero retained Respondent to represent her in a dissolution of marriage matter. On February 1, 2011, Lucero signed a fee agreement with Respondent, which required Lucero to pay a $2,000.00 retainer and legal fees at an hourly rate of $250.00. Lucero gave Respondent $2,000.00 that same day.

On February 7, 2011, Respondent filed an initial petition for dissolution of marriage, summons, domestic relations information sheet, and entry of appearance on Lucero's behalf in the El Paso County District Court. However, Respondent took no further action on Lucero's behalf and did not communicate with her after February 1, 2011. Respondent thereby abandoned Lucero, despite Lucero's several attempts to contact her. Lucero thereafter left a letter at Respondent's office, requesting a refund of her $2,000.00 retainer. Respondent never returned Lucero's money, never provided an accounting, and never responded in any manner to Lucero.

---

1. *See* C.R.C.P. 251.15(b); *People v. Richards*, 748 P.2d 341, 346 (Colo.1987).

2. Although the People filed an exhibit list, attached to which is an affidavit that they anticipated introducing into evidence, the People did not offer the affidavit at the sanctions hearing and the Court therefore does not consider the document in reaching its decision.

3. *See* the People's complaint for further detailed findings of fact.

4. Respondent's registered business address is 1027 North Weber, Colorado Springs, Colorado 80903.

5. *See* C.R.C.P. 251.1(b).

In this representation, Respondent knowingly exercised unauthorized control over property belonging to Lucero, thereby converting her retainer. In so doing, Respondent violated Colo. RPC 8.4(c), which proscribes dishonest conduct, and Colo. RPC 1.15(a), which mandates that lawyers hold client property separate from their own. By knowingly neglecting Lucero's case, Respondent also contravened Colo. RPC 1.3, which obligates lawyers to act with reasonable diligence and promptness in client matters. Further, by failing to keep Lucero informed and failing to promptly comply with Lucero's reasonable requests for information, Respondent violated Colo. RPC 1.4(a)(3) and (4), which requires lawyers to keep their clients reasonably informed about the status of their matters. Finally, Respondent failed to honor Colo. RPC 1.16(d) by abandoning Lucero's case, thereby terminating their lawyer-client relationship without taking steps to protect Lucero's interests.

### IV. SANCTIONS

■ The American Bar Association *Standards for Imposing Lawyer Sanctions* (1991 & Supp. 1992) ("ABA *Standards*") and Colorado Supreme Court case law guide the imposition of sanctions for lawyer misconduct.[6] When imposing a sanction after a finding of lawyer misconduct, the Court must consider the duty violated, the lawyer's mental state, and the actual or potential injury caused by the lawyer's misconduct. These three variables yield a presumptive sanction that may be adjusted in consideration of aggravating and mitigating factors.

### ABA *Standard* 3.0—Duty, Mental State, and Injury

*Duty:* By neglecting and abandoning a client matter entrusted to her, Respondent violated a duty to her client, Lucero. She likewise violated additional duties owed to her client by failing to communicate, failing to provide an accounting, and knowingly converting client funds.

*Mental State:* The complaint explicitly establishes that Respondent knowingly failed to communicate with her client, knowingly neglected her client's case, knowingly converted client funds, and knowingly failed to protect her client's interest upon termination of the representation.

*Injury:* Respondent caused serious financial harm to Lucero by converting her funds. Respondent's failure to communicate or to provide diligent representation also resulted in legal and emotional harm to Lucero.

### ABA *Standards* 4.0–7.0—Presumptive Sanction

■ Under ABA *Standard* 4.11, disbarment is generally appropriate when a lawyer knowingly converts client property and thereby harms a client. Likewise, ABA *Standard* 4.41 calls for disbarment when, among other things, a lawyer causes a client serious or potentially serious injury by abandoning the practice or by knowingly failing to perform services.

### ABA *Standard* 9.0—Aggravating and Mitigating Factors

■ Aggravating circumstances include any considerations or factors that may warrant an increase in the degree of discipline to be imposed, while mitigating circumstances may justify a reduction in the severity of the sanction.[7] The Court considers evidence of the following aggravating and mitigating circumstances in deciding the appropriate sanction. Because Respondent did not participate in the disciplinary proceeding, the Court is aware of just one mitigating circumstance.

*Dishonest or Selfish Motive—9.22(b):* The Court infers from Respondent's decision to keep unearned legal fees that she was acting with a dishonest and selfish motive.

*Multiple Offenses—9.22(d):* Respondent engaged in several types of misconduct, including inadequate communication, lack of diligence, and dishonesty.

*Indifference to Making Restitution—9.22(j):* Respondent has made no effort to repay the money she misappropriated from

---

6.   *See In re Roose,* 69 P.3d 43, 46–47 (Colo.2003).

7.   *See* ABA *Standards* 9.21 & 9.31.

Lucero, despite Lucero's efforts to obtain a refund of her funds.

*Absence of Prior Disciplinary Record— 9.32(a):* The Court considers Respondent's lack of prior discipline as a mitigating factor.

### Analysis Under ABA *Standards* and Colorado Case Law

■ ABA *Standards* 4.11 and 4.41 establish disbarment as the presumptive sanction for, respectively, knowing conversion and abandonment. Here, the sole mitigating factor, which is outweighed by the three factors in aggravation, cannot justify a departure from that presumed sanction.

Colorado case law bolsters this conclusion. The Colorado Supreme Court has ruled that barring significant factors in mitigation, disbarment is warranted when lawyers abandon their clients and thereby misappropriate unearned fees. For instance, in *People v. Roybal,* a lawyer was disbarred for failing to perform client work in two matters after having accepted an advance fee, effectively abandoning his clients and converting the retainers.[8] The Colorado Supreme Court held likewise in *People v. Townshend,* disbarring a lawyer who accepted advance fees from two clients and then abandoned them, thereby converting the fees for her own use.[9] Similarly, in *In re Stevenson,* a lawyer was disbarred after abandoning one client and misappropriating that client's funds.[10] The Colorado Supreme Court noted in *Stevenson* that the lawyer's failure to participate in the disciplinary proceeding underscored the decision that disbarment was appropriate.[11]

Here, Respondent performed only a minimal amount of legal work before abandoning Lucero, conferring on her no benefit but keeping her $2,000.00 retainer. Although the complaint pleads—and the default establishes—only one instance of abandonment and conversion, the Lucero matter alone is enough to support the People's request to disbar Respondent, as established by *Stevenson* and the ABA *Standards,* where just one such occurrence was deemed sufficient to justify disbarment. Further, as in *Stevenson,* the Court is troubled by Respondent's failure to participate in this matter. Thus, because only one factor mitigates Respondent's misconduct, the Court the Court hews to the presumptive sanction of disbarment, as recommended by the ABA *Standards* and reinforced by Colorado case law.

## V.  CONCLUSION

Respondent violated duties to her client by failing to perform work, neglecting to communicate, and retaining unearned fees. This abandonment and conversion, coupled with the applicable aggravating factors and Respondent's failure to participate in this proceeding, warrants the sanction of disbarment.

## VI.  ORDER

The Court therefore **ORDERS:**

1. **VICTORIA LYNNE RINGLER,** attorney registration number 30727, is **DISBARRED.** The **DISBARMENT SHALL** take effect only upon issuance of an "Order and Notice of Disbarment." [12]

2. Respondent **SHALL** file any post-hearing motion or application for stay pending appeal with the Court **on or before Friday, July 12, 2013.** No extensions of time will be granted. If Respondent files a post-hearing motion

8.  949 P.2d 993, 997 (Colo.1997).

9.  933 P.2d 1327, 1329 (Colo.1997).

10.  979 P.2d 1043, 1044 (Colo.1999).

11.  *Id.* at 1045. *See also People v. Kuntz,* 942 P.2d 1206, 1209 (Colo.1997) (disbarring lawyer who accepted legal fees in eight matters, performed little or no work, and abandoned clients while misappropriating their money); *People v. Steinman,* 930 P.2d 596, 599–600 (Colo.1997) (disbarring lawyer who took fees from clients and then abandoned them while keeping their money, causing serious harm); *People v. Coyne,* 913 P.2d 12, 14 (Colo.1996) (disbarring lawyer for misappropriating funds in one matter and failing to return advance fee in another).

12.  In general, an order and notice of sanction will issue thirty-five days after a decision is entered pursuant to C.R.C.P. 251.19(b) or (c). In some instances, the order and notice may issue later than thirty-five days by operation of C.R.C.P. 251.27(h), C.R.C.P. 59, or other applicable rules.

or an application for stay pending appeal, the People **SHALL** file any response thereto within seven days, unless otherwise ordered by the Court.

3. Respondent **SHALL** pay restitution in the amount of $2,000.00 to Christine Lucero or, in the alternative, reimburse the Colorado Attorney's Fund for Client Protection for all proceeds that may have been paid to this client.

4. Respondent **SHALL** pay the costs of these proceedings. The People **SHALL** file a statement of costs **on or before Friday, June 28, 2013.** Respondent **SHALL** file her response to the People's statement, if any, within fourteen days.