The **PEOPLE** of the State of Colorado, Complainant

v.

William Greg **WEATHERFORD,** Respondent.

No. 15PDJ015.

Office of the Presiding Disciplinary Judge of the Supreme Court of Colorado.

Aug. 11, 2015.

After a sanctions hearing, the Presiding Disciplinary Judge disbarred William Greg Weatherford (Attorney Registration Number 33328). The disbarment took effect September 15, 2015.

In 2012, a client hired Weatherford to represent her in a divorce case. She paid him a $1,750.00 retainer. Rather than safeguarding the retainer in his trust account, he commingled those funds with his own. Weatherford never filed any court documents on his client's behalf. She tried numerous times to communicate with him, but he did not return her messages.

Ultimately, in early 2014, the client sent Weatherford a certified letter terminating his services and demanding that he return most of her retainer. The letter was returned marked "undeliverable." In fact, Weatherford had moved without telling the client (or the Colorado Supreme Court) his new address. Weatherford never returned any portion of the client's retainer. Instead, he knowingly converted his client's money to his own use. In addition, he knowingly failed to respond to the Office of Attorney Regulation Counsel's requests for information during their investigation of this matter.

Through this course of conduct, Weatherford violated six Rules of Professional Conduct: Colo. RPC 1.3 (a lawyer shall act with reasonable diligence and promptness when representing a client); Colo. RPC 1.4(a)(3) (a lawyer shall keep a client reasonably in-

formed about the status of the matter); Colo. RPC 1.4(a)(4) (a lawyer shall promptly comply with reasonable requests for information); Colo. RPC 8.1(b) (a lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority); Colo. RPC 1.15(a) (2008) (a lawyer shall hold client property separate from the lawyer's own property); and Colo. RPC 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).

On July 22, 2015, the Presiding Disciplinary Judge ("the Court") held a sanctions hearing pursuant to C.R.C.P. 251.15(b). Erin Robson Kristofco appeared on behalf of the Office of Attorney Regulation Counsel ("the People"). William Greg Weatherford ("Respondent") did not appear. The Court now issues the following "Opinion and Decision Imposing Sanctions Pursuant to C.R.C.P. 251.19(c)."

## OPINION AND DECISION IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(c)

### I. *SUMMARY*

After receiving a retainer to represent a client in a divorce case, Respondent failed to file any court documents on her behalf. Instead of safeguarding his client's funds in his trust account, Respondent knowingly converted the funds to his own use. When the client was unable to contact Respondent, she fired him and demanded that he return her retainer. He neither responded to the client nor returned any portion of her retainer. Thereafter, Respondent knowingly failed to respond to the People's inquiries concerning their investigation of this matter. The PDJ finds disbarment is the appropriate sanction.

### II. *PROCEDURAL HISTORY*

On March 3, 2015, the People filed their complaint and served it on Respondent.[1] He did not file an answer. The People moved

---

1. The People sent the complaint by certified mail to Respondent's registered business address: 800 First Ave., Monte Vista, Colorado 81144. The People also sent the complaint to two last-known addresses for Respondent: 140 Dennis St., Monte Vista, Colorado 81144, and P.O. Box 215, Lexington, Oklahoma 73051.

for default judgment on April 21, 2015. On May 14, 2015, the Court entered default, thus deeming the facts alleged in the complaint admitted and all rule violations established by clear and convincing evidence.[2]

Respondent did not appear at the sanctions hearing on July 22, 2015. The People filed a motion on July 8, 2015, requesting permission to call Donnette Keiry to testify by telephone. The Court **GRANTED** that motion at the sanctions hearing and considered Keiry's testimony. The People offered no exhibits at the hearing.

## III. ESTABLISHED FACTS AND RULE VIOLATIONS

■ The Court hereby adopts and incorporates by reference the averments in the admitted complaint. Respondent took the oath of admission and was admitted to the bar of the Colorado Supreme Court on October 15, 2001, under attorney registration number 33328. He is thus subject to the Court's jurisdiction in this disciplinary proceeding.[3]

On November 16, 2012, Donnette Cisneros (now Donnette Keiry) retained Respondent to represent her in a divorce case. She paid him a $1,750.00 retainer. Respondent did not give Cisneros a fee agreement or a written statement explaining his fee.

Respondent never filed any court documents regarding Cisneros's divorce. In February 2013, Cisneros called Respondent and inquired why he had not filed any documents. He replied that she first needed to complete financial disclosures. Cisneros complied, but Respondent still did not file any court documents for her.

In September 2013, when Cisneros's daughter needed to retrieve personal items from the house belonging to Cisneros's husband, Respondent directed Cisneros to make arrangements with her husband rather than filing anything with the court.

Cisneros tried numerous times to communicate with Respondent. She left him phone messages requesting that he call her back.

He did not. On February 17, 2014, she sent him a certified letter terminating his services and demanding that he return most of her retainer. The letter was returned marked "undeliverable." In fact, Respondent had moved without telling Cisneros (or the Colorado Supreme Court) his new address.

Respondent failed to return to Cisneros any portion of her retainer. Instead of safeguarding the retainer in his trust account, he commingled those funds with his own and knowingly converted his client's money to his own use.

During their investigation of this matter, the People repeatedly requested information from Respondent but he knowingly failed to respond.

■ Respondent therefore violated six Rules of Professional Conduct. First, he never filed documents with the court in Cisneros's divorce case, abandoning her in violation of Colo. RPC 1.3 (a lawyer shall act with reasonable diligence and promptness when representing a client). Next, by failing to respond to Cisneros's messages, he violated both Colo. RPC 1.4(a)(3) (a lawyer shall keep a client reasonably informed about the status of the matter) and Colo. RPC 1.4(a)(4) (a lawyer shall promptly comply with reasonable requests for information). Respondent also disregarded the People's requests for information in violation of Colo. RPC 8.1(b) (a lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority). When Respondent commingled Cisneros's funds with his own, he violated Colo. RPC 1.15(a) (2008) (a lawyer shall hold client property separate from the lawyer's own property). Finally, Respondent knowingly converted Cisneros's funds to his own use in violation of Colo. RPC 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).

## IV. SANCTIONS

■ The American Bar Association *Standards for Imposing Lawyer Sanctions* (1991

---

**2.** *See* C.R.C.P. 251.15(b); *People v. Richards,* 748 P.2d 341, 346 (Colo.1987).

**3.** *See* C.R.C.P. 251.1(b).

& Supp. 1992) ("ABA *Standards*") and Colorado Supreme Court case law guide the imposition of sanctions for lawyer misconduct.[4] When imposing a sanction after a finding of lawyer misconduct, the Court must consider the duty violated, the lawyer's mental state, and the actual or potential injury caused by the lawyer's misconduct. These three variables yield a presumptive sanction that may be adjusted based on aggravating and mitigating factors.

### ABA *Standard* 3.0—Duty, Mental State, and Injury

*Duty:* By converting his client's retainer and abandoning her case, Respondent violated his duty of loyalty to his client. In failing to respond to the People's requests for information, he violated his duties to the profession.

*Mental State:* The Court's order of default establishes that Respondent knowingly converted client funds and failed to respond to the People's requests for information. The People argue—and the Court agrees—that the complaint supports an inference that Respondent committed the other rule violations with a reckless state of mind.

*Injury:* When a lawyer converts a client's funds and abandons her cause, as here, injury to the client is patent. In this case, Cisneros lost $1,750.00 when Respondent converted her retainer. As a result of Respondent's misappropriation of her money and his failure to prosecute her case, she also had to expend time and effort in an effort to track down Respondent for nearly a year—a period during which her case languished. Because Respondent performed no meaningful services on her behalf, she needed to hire a new attorney to undertake the divorce case she had already paid Respondent to complete. Cisneros testified that the deprivation of $1,750.00 harmed her, as she needed this money to pay her daughter's college bills. She also said that this negative experience has diminished the trust she places in lawyers. In addition, Cisneros testified that Respondent placed her in a potentially dangerous situation when he advised her to contact her husband about retrieving her daughter's personal items rather than file a document with the court.

### ABA *Standards* 4.0–7.0—Presumptive Sanction

Disbarment is the presumptive sanction under ABA *Standard* 4.11 when a lawyer knowingly converts client property and causes injury or potential injury to the client.

### ABA *Standard* 9.0—Aggravating and Mitigating Factors

Aggravating circumstances include any considerations or factors that may warrant an increase in the degree of discipline to be imposed, while mitigating circumstances may justify a reduction in the severity of the sanction.[5]

In this case, three aggravating factors are present. First, Respondent had a dishonest and selfish motive.[6] He knowingly converted client money for his own purposes. Second, he engaged in multiple types of misconduct: he failed to communicate with Cisneros, abandoned her case, converted funds, and failed to respond to information requests from the People.[7] Third, Respondent had substantial experience in the law, having practiced for over ten years at the time of his misconduct.[8] The Court is aware of but one mitigating factor: Respondent has no disciplinary record.[9]

### Analysis Under ABA *Standards* and Colorado Case Law

The Court is mindful of the Colorado Supreme Court's directive to exercise discretion in imposing a sanction and to carefully apply aggravating and mitigating factors,[10] recog-

---

4. *See In re Roose,* 69 P.3d 43, 46–47 (Colo.2003).

5. *See* ABA *Standards* 9.21 & 9.31.

6. ABA *Standard* 9.22(b).

7. ABA *Standard* 9.22(d).

8. ABA *Standard* 9.22(i).

9. ABA *Standard* 9.32(a).

10. *See In re Attorney F.,* 285 P.3d 322, 327 (Colo. 2012); *In re Fischer,* 89 P.3d 817, 822 (Colo. 2004) (finding that a hearing board had overemphasized the presumptive sanction and underval-

nizing that "individual circumstances make extremely problematic any meaningful comparison of discipline ultimately imposed in different cases." [11]

The Court concludes that Respondent should be disbarred. Colorado case law makes clear that, absent substantial mitigating circumstances, disbarment is the fitting sanction when a lawyer knowingly converts client money.[12] It is all the more clear that disbarment is appropriate when conversion is coupled with abandonment of a client.[13] This settled case law, viewed together with the presumptive sanction and the preponderance of aggravating factors, clearly supports imposition of disbarment here.

### V. CONCLUSION

The admitted allegations present a clear case of Respondent's knowing conversion of money from a financially compromised client—misconduct compounded by his abandonment of the client and failure to respond to the People's requests for information. Respondent's actions caused his former client financial harm and significantly delayed resolution of her divorce. In accordance with the applicable ABA *Standards* and case law, the Court disbars Respondent.

### VI. ORDER

The Court therefore **ORDERS:**

1. **WILLIAM GREG WEATHERFORD,** Attorney Registration Number 33328, is **DISBARRED** from the practice of law in the State of Colorado. The **DISBARMENT SHALL** take effect only upon issuance of an "Order and Notice of Disbarment." [14]

2. Respondent **SHALL** promptly comply with C.R.C.P. 251.28(a)–(c), concerning winding up of affairs, notice to parties in pending matters, and notice to parties in litigation.

3. Within fourteen days after the effective date of the suspension, Respondent **SHALL** comply with C.R.C.P. 251.28(d), requiring an attorney to file an affidavit with the Court setting forth pending matters and attesting, inter alia, to notification of clients and of other jurisdictions where the attorney is licensed.

4. The parties **MUST** file any application for stay pending appeal with the Court **on or before September 1, 2015.** No extensions of time will be granted. Any response thereto **MUST** be filed within seven days.

5. Respondent **SHALL** pay the costs of these proceedings. The People **SHALL** file a "Statement of Costs" **on or before August 25, 2015.** Any response thereto **MUST** be filed within seven days.

6. **On or before September 8, 2015,** Respondent **SHALL** pay restitution of $1,750.00 to Donnette Keiry or, in the alternative, pay that amount to the Colorado Attorneys' Fund for Client Protection if the Fund has reimbursed Keiry.

---

ued the importance of mitigating factors in determining the needs of the public).

11. *In re Attorney F.,* 285 P.3d at 327 (quoting *In re Rosen,* 198 P.3d 116, 121 (Colo.2008)).

12. *E.g., In re Cleland,* 2 P.3d 700, 705 (Colo. 2000); *People v. Varallo,* 913 P.2d 1, 10–11 (Colo.1996).

13. *E.g., In re Stevenson,* 979 P.2d 1043, 1044 (Colo.1999) (disbarring a lawyer who knowingly converted funds and neglected a client's case);

*People v. Coyne,* 913 P.2d 12, 13 (Colo.1996) (same).

14. In general, an order and notice of sanction will issue thirty-five days after a decision is entered pursuant to C.R.C.P. 251.19(b) or (c). In some instances, the order and notice may issue later than thirty-five days by operation of C.R.C.P. 251.27(h), C.R.C.P. 59, or other applicable rules.